Mary Jo O'Neill, AZ Bar #005924
James P. Driscoll-MacEachron, AZ Bar #027828
Michael Baskind, AZ Bar #030810
**Equal Employment Opportunity Commission, Phoenix District Office**
3300 N. Central Ave., Suite 690
Phoenix, AZ 85012
Telephone: (602) 640-5003
Fax: (602) 640-5009
Email:  mary.oneill@eeoc.gov
        james.driscoll-maceachron@eeoc.gov
        michael.baskind@eeoc.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>                  Plaintiff,<br><br>         vs.<br><br>AMERICAN AIRLINES, INC. and ENVOY AIR INC.,<br><br>                  Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**(JURY TRIAL DEMAND)** |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 ("ADA") to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Darla Alvarado, Janet Reyes, Sherrie Edwards-Redd, Vicki Groves, Wanda Villanueva, Chrissie L. Ball, Jodi Isenberg, Lisa Walker, Danny Hill, Brenda Gallardo, Tanya Howard, Tanya Merriweather, and other aggrieved individuals who were adversely affected by the unlawful employment practices.  As alleged with greater particularity below, Defendants engaged in a pattern or practice of violating the ADA by refusing to accommodate

employees with disabilities, terminating employees with disabilities, and failing to rehire employees. Defendants' actions followed from a 100% return-to-work policy that requires employees to return to work without restrictions.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3) & § 2000e-6.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3), 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendants American Airlines, Inc. and Envoy Air Inc. ("Defendants") are Texas corporations, have continuously been doing business in the State of Arizona, and have continuously had at least 15 employees.

5. At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendants have been covered entities under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## GENERAL ALLEGATIONS

7. More than thirty days prior to the institution of this lawsuit, Darla Alvarado, Janet Reyes, Sherrie Edwards-Redd, Vicki Groves, Wanda Villanueva, Chrissie L. Ball, Jodi Isenberg, Lisa Walker, Danny Hill, Brenda Gallardo, Tanya Howard, and Tanya Merriweather (collectively "Charging Parties") filed charges of discrimination with the EEOC alleging violations of Title I of the ADA by Defendants.

8. Charging Parties and a class of employees and former employees have disabilities within the meaning of the ADA, 42 U.S.C. § 12102(2), and are qualified individuals with disabilities under the ADA, 42 U.S.C. 12111(8), and have sought reasonable accommodations, including reassignment, from Defendants related to their disabilities.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

10. Since at least January 1, 2009, Defendants have engaged in unlawful employment practices in violation of Sections 102(a), 102(b)(3), 102(b)(5)(A), 102(b)(5)(B), 102(b)(6) and 503 of Title I of the ADA, 42 U.S.C. §§ 12112(a), (b)(5)(A), (b)(5)(B), and 12203.

11. At all relevant times, Defendants have had a 100% return-to-work policy that requires employees to return to work without restrictions.

12. At all relevant times, Defendants have had have a policy that requires employees who are no longer able to do their job without reasonable accommodation to find other jobs, apply for other jobs, to compete for other jobs without regard to reassignment as a reasonable accommodation.

13. The Charging Parties and other aggrieved individuals have disabilities within the meaning of the ADA, 42 U.S.C. § 12102(2), including, for example:

    a. Lupus;
    b. Cancer;
    c. A stroke;
    d. A knee injury requiring several surgeries;

e. A back injury;

f. Asthma; and

g. A condition requiring significant abdominal surgery.

14. The Charging Parties and other aggrieved individuals are qualified individuals with disabilities under the ADA, 42 U.S.C. 12111(8), in that they could perform the duties of their jobs with or without reasonable accommodation, including, where necessary, reassignment.

15. Defendants did not provide reasonable accommodations to the Charging Parties and other aggrieved individuals. For example,

a. Defendants did not provide intermittent leave as an accommodation;

b. Defendants did not provide a stool behind the ticket counter to accommodate an employee with a standing restriction;

c. Defendants told Charging Parties including Ball, Groves, Hill, Howard, Merriweather, and Villanueva as well as other aggrieved individuals that they could not return to work until they had no restrictions related to their injuries and/or disabilities;

d. Defendants required Charging Parties including Edwards-Reed, Isenberg, Walker, Howard, and Ball as well as other aggrieved individuals to apply for and compete for vacant position instead of considering reassignment as a reasonable accommodation

16. Defendants terminated Charging Parties including Janet Reyes, Sherrie Edwards-Redd, Jodi Isenberg, Lisa Walker, Danny Hill, Brenda Gallardo, Tanya Howard, Tanya Merriweather and other aggrieved individuals or placed them on unpaid leave.

17. Defendants also refused to rehire Charging Parties including Janet Reyes, Sherrie Edwards-Redd, Jodi Isenberg, Lisa Walker, Danny Hill, Brenda Gallardo, Tanya Howard, Tanya Merriweather, as well as other aggrieved individuals because of their disabilities and/or because Defendants regarded them as disabled.

18.     Defendants refused to allow Charging Parties including Darla Alvarado, Janet Reyes, Sherrie Edwards-Redd, Vicki Groves, Wanda Villanueva, Chrissie L. Ball, Jodi Isenberg, Lisa Walker, Danny Hill, Brenda Gallardo, Tanya Howard, and Tanya Merriweather, as well as other aggrieved individuals to transfer.

## FIRST CLAIM FOR RELIEF

### Pattern or Practice of Failing to Accommodate Employees

### (42 U.S.C. §§ 12112(a) and (b)(5)(A))

19.     The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

20.     Defendants maintained a 100% return to work policy that required employees to return to work without restrictions.

21.     The Charging Parties and the other aggrieved individuals for whom the EEOC seeks relief are disabled as defined in the ADA.

22.     The Charging Parties and the other aggrieved individuals for whom the EEOC seeks relief were able, with or without reasonable accommodation, to perform the essential functions of their positions at Defendants or could have performed the essential functions of a position obtained through reassignment.

23.     Defendants failed and refused to provide any accommodation, including but not limited to reassignment to the Charging Parties and the other aggrieved individuals for whom the EEOC seeks relief.

24.     Defendants failed and refused to engage in good faith discussions with the Charging Parties and the other aggrieved individuals for whom the EEOC seeks relief to determine appropriate accommodation.

25.     Defendants failed to provide the Charging Parties and the other aggrieved individuals for whom the EEOC seeks relief any reasonable accommodation, as required under Section 102(b)(5)(A) of the ADA.  42 U.S.C. § 12112(b)(5)(A).

26.     Defendants' failure to provide the Charging Parties and the other aggrieved individuals for whom the EEOC seeks relief with any reasonable

1 accommodation was intentional.

2     27.    Defendants' failure to provide the Charging Parties and the other aggrieved individuals for whom the EEOC seeks relief any reasonable accommodation was malicious and/or done with reckless indifference to their federally protected rights.

    28.    The effect of the practices complained of in the foregoing paragraphs has been to deprive the Charging Parties and the other aggrieved individuals for whom the EEOC seeks relief of equal employment opportunities and otherwise adversely affect her or his status as an employee, because of her or his disability.

## SECOND CLAIM FOR RELIEF

## Pattern or Practice of Disparate Treatment

## (42 U.S.C. §§ 12112(a) and (b)(5)(B))

    29.    The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

    30.    Defendants' policies and/or practices precluding employees from transferring while on leave discriminates on the basis of disability.

    31.    Defendants' practice and/or policy of not allowing promotions for employees with medical restrictions discriminates on the basis of disability.

    32.    Defendants intentionally terminated Janet Reyes, Sherrie Edwards-Redd, Jodi Isenberg, Lisa Walker, Danny Hill, Brenda Gallardo, Tanya Howard, Tanya Merriweather, and the other aggrieved individuals for whom the EEOC seeks relief because of their disabilities, and/or because they regarded them as disabled, and/or because of the need to provide reasonable accommodation for their disability, in violation of Sections 102(a) and 102(b)(5)(B) of the ADA. 42 U.S.C. §§ 12112(a) and (b)(5)(B).

    33.    Defendants intentionally refused to rehire Janet Reyes, Sherrie Edwards-Redd, Jodi Isenberg, Lisa Walker, Danny Hill, Brenda Gallardo, Tanya Howard, Tanya Merriweather, and the other aggrieved individuals for whom the EEOC seeks relief because of their disabilities, and/or because they regarded them as disabled, and/or

because of the need to provide reasonable accommodation for their disability, in violation of Sections 102(a) and 102(b)(5)(B) of the ADA.  42 U.S.C. §§ 12112(a) and (b)(5)(B).

34.   Defendants intentionally refused to allow Darla Alvarado, Janet Reyes, Sherrie Edwards-Redd, Vicki Groves, Wanda Villanueva, Chrissie L. Ball, Jodi Isenberg Lisa Walker, Danny Hill, Brenda Gallardo, Tanya Howard, Tanya Merriweather, and the other aggrieved individuals for whom the EEOC seeks relief to transfer because of their disabilities, and/or because they regarded them as disabled, and/or because of the need to provide reasonable accommodation for their disability, in violation of Sections 102(a) and 102(b)(5)(B) of the ADA.  42 U.S.C. §§ 12112(a) and (b)(5)(B).

35.   Defendants' discriminatory treatment of the Charging Parties and the other aggrieved individuals for whom the EEOC seeks relief was done with malice or reckless indifference to her or his federally protected rights.

36.   The effect of the practices complained of in the foregoing paragraphs has been to deprive the Charging Parties, and the other aggrieved individuals for whom the EEOC seeks relief, of equal employment opportunities and otherwise adversely affect her or his status as an employee, because of her or his disability.

37.   The unlawful employment practices complained of in the foregoing paragraphs were intentional toward the Charging Parties and the other aggrieved individuals for whom the EEOC seeks relief.

38.   The unlawful employment practices complained of in the foregoing paragraphs were done with malice or with reckless indifference to the federally protected rights of the Charging Parties and the other aggrieved individuals for whom the EEOC seeks relief.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with

them, from discriminating against employees or applicants because of disability.

B.   Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from retaliating against employees or applicants because they request accommodations.

C.   Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of their past and present unlawful employment practices.

D.   Order Defendants to make whole Darla Alvarado, Janet Reyes, Sherrie Edwards-Redd, Vicki Groves, Wanda Villanueva, Chrissie L. Ball, Jodi Isenberg, Lisa Walker, Danny Hill, Brenda Gallardo, Tanya Howard, Tanya Merriweather, and the other aggrieved individuals for whom the EEOC seeks relief by providing appropriate back pay and benefits with prejudgment interest, compensatory damages in amounts to be proved at trial, and other affirmative and equitable relief necessary to eradicate the effects of its unlawful employment practices, including reinstatement or front pay in lieu thereof.

E.   Order Defendants to make whole Darla Alvarado, Janet Reyes, Sherrie Edwards-Redd, Vicki Groves, Wanda Villanueva, Chrissie L. Ball, Jodi Isenberg, Lisa Walker, Danny Hill, Brenda Gallardo, Tanya Howard, Tanya Merriweather, and the other aggrieved individuals for whom the EEOC seeks relief by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in the paragraphs above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.   Order Defendants to pay Darla Alvarado, Janet Reyes, Sherrie Edwards-Redd, Vicki Groves, Wanda Villanueva, Chrissie L. Ball, Jodi Isenberg, Lisa Walker, Danny Hill, Brenda Gallardo, Tanya Howard, Tanya Merriweather, and the other aggrieved individuals for whom the EEOC seeks relief punitive damages for its

malicious or reckless conduct described in the paragraphs above, in amounts to be determined at trial.

      G.     Grant such further relief as the Court deems necessary and proper.

      H.     Award the EEOC its costs in this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its complaint.

DATED:  11/3/17       .

                          RESPECTFULLY SUBMITTED,

                          U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

                          JAMES L. LEE
                          Deputy General Counsel

                          GWENDOLYN YOUNG REAMS
                          Associate General Counsel

                          MARY JO O'NEILL
                          Regional Attorney

                          JAMES P. DRISCOLL-MACEACHRON
                          Supervisory Trial Attorney

                          */s/ Michael Baskind*
                          MICHAEL BASKIND
                          Trial Attorney(s)

                          EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
                          Phoenix District Office
                          3300 N. Central Ave., Ste. 690
                          Phoenix, AZ 85012

                          Attorneys for Plaintiff

NOTE: It is sufficient for service on the EEOC that pleadings, notices, and any other court documents be served on the Trial Attorneys.  Duplicate service is not required on the General Counsel and Associate General Counsel in Washington, D.C.