**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>American Airlines Inc., et al.,<br><br>　　　　　Defendants. | No. CV-17-04059-PHX-SPL<br><br>**ORDER** |

On November 3, 2017, Plaintiff Equal Employment Opportunity Commission ("EEOC") filed a complaint against Defendants American Airlines, Inc. and Envoy Air Inc. alleging violations of the Americans with Disabilities Act ("ADA"). (Doc. 1.) The Court adopted the parties' consent decree and entered judgment in this action on November 16, 2017. (Doc. 8.) The consent decree provides that it becomes "effective on the later of (i) the date it is signed by this Court or (ii) the date on which an order from the United States Bankruptcy Court for the Southern District of New York (the 'Bankruptcy Court') approving the monetary relief provided for in this Decree becomes final and non-appealable (the 'Effective Date')." (Doc. 8-1 ¶ 8.)

On December 15, 2017, American Airlines filed a Motion to Approve Compromise pursuant to Fed. R. Bankr. P. 9019(a) in the United States Bankruptcy Court for the Southern District of New York. Two former pilots subsequently filed objections to the terms of the consent decree in the bankruptcy proceedings, arguing that the settlement amount was inadequate and that it deprived pilots of their right to bring ADA claims against American Airlines. (Doc. 10 at 3.) A hearing was held on February 1, 2018 (Doc.

13-5), at which time the bankruptcy court approved the monetary settlement contained in the consent decree. Following the hearing, the parties drafted an amended consent decree "to address objections raised at the hearing seeking approval by the Bankruptcy Court." (Doc. 10 at 3.)

Presently at issue is the parties' Joint Motion for Entry of Amended Consent Decree (Doc. 10), and Motions to Intervene filed by non-parties Lawrence M. Meadows, Kathy E. Emery, and Andrea Twitchel (Docs. 12, 14, 15).

### A    Motion for Amended Consent Decree

First, the parties move for entry of an amended consent decree that modifies: (1) the list of employees who receive written notice of the settlement – revised to include pilots; and (2) the effective date of the consent decree - revised to occur upon approval of the consent decree by the bankruptcy court, rather than at the time such order of approval becomes final and non-appealable. (Doc. 10 at 2-3.)

In the absence of any authority cited by the parties, the Court construes the motion as a request for relief under Rule 60(b) of the Federal Rules of Civil Procedure. *Cf.* Fed. R. Civ. P. 59(e) (providing for alteration or amendment of judgment requested within 28 days of entry of judgment). Rule 60(b) provides a court with discretion to modify or grant other relief from a final judgment under a limited set of circumstances. *See Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005); *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 378 (1992) (requests for modification are subject to Rule 60(b)); *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991).

In this instance, the parties fail to present grounds that justify disregarding the final judgment in this case under Rule 60(b). *See Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983) (there is "a compelling interest in the finality of judgments which should not lightly be disregarded"). The parties do not contend that mistake, surprise, excusable neglect, newly discovered evidence, fraud, or circumstance voiding, satisfying, or discharging judgment warrants relief. *See* Fed. R. Civ. P. 60(b)(1) - (5). Nor do they point to any "extraordinary circumstance" that otherwise justifies relief. *See* Fed. R. Civ. P.

60(b)(6); *Buck v. Davis*, 137 S.Ct. 759, 777 (2017) ("the Rule's catchall category, subdivision (b)(6), [] permits a court to reopen a judgment for "any other reason that justifies relief." Rule 60(b) vests wide discretion in courts, but we have held that relief under Rule 60(b)(6) is available only in 'extraordinary circumstances.'") (quoting *Gonzalez*, 545 U.S. at 535); *Hall v. Haws,* 861 F.3d 977, 987 (9th Cir. 2017).

The parties do not point to any extraordinary circumstance that calls for the proposed revision to the list of employees entitled to notice in the consent decree. The parties do not argue that, without this amendment, they would be unable to execute the consent decree or realize any of its terms in the related bankruptcy proceedings. Rather, the parties reiterate that the notice provision has no bearing on individual entitlement, and observe that the bankruptcy court has approved the monetary settlement provided in the consent decree. (*See e.g.*, Doc. 13-5 at 37; Doc. 16 at 5.)

Nor does the Court find that the proposed revision making the consent decree immediately effective upon court approval – sought for the purpose of preempting a stay of an order of approval pending any subsequent appeal (*see* Doc. 10 at 3) – falls within species of equitable relief contemplated by Rule 60(b)(6). *See U.S. v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993) ("Rule 60(b)(6) has been used sparingly as an equitable remedy to *prevent* manifest injustice") (emphasis added). Therefore, the parties' motion to amend will be denied.

**B.  Motions to Intervention**

Next, non-parties Lawrence M. Meadows, Kathy E. Emery, and Andrea Twitchell move to intervene to object to the parties' consent decree. (Docs. 12, 14, 15.)[1] These motions will also be denied.

First, these filings fail to meet the pleading requirements for intervention under Rule 24(c) of the Federal Rules of Civil Procedure; the filings to do not lodge the parties' proposed pleading(s) – such as a complaint or answer - that sets forth the claim or

---

[1]  As these non-parties affirmatively move to be made parties to this action, the Court construes their requests as motions to intervene under Rule 24 of the Federal Rules of Civil Procedure, rather than Rule 19.

3

defense that is the basis for seeking intervention.

Second, weighing the relevant considerations, the Court finds the motions are untimely. *See Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006); *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302, 1308 (9th Cir. 1997) (timeliness is a threshold requirement for either mandatory or permissive intervention under Fed. R. Civ. P. 24, and is determined by considering: (1) the stage of the proceedings; (2) prejudice to other parties; and (3) the reason for and length of the delay). Without explanation, movants request to intervene in this case months after they had become aware of this action and filed their objections in bankruptcy proceedings. (*See* Doc. 12, Exhs. 3 - 5.) Similarly, their requests arrive approximately five months after judgment was entered in this case. Allowing intervention at this juncture would prejudice the current parties by prolonging proceedings and threatening settlement. *See Alaniz v. Tillie Lewis Food*, 572 F.2d 657, 659 (9th Cir. 1978) ("Since the motion was filed after the consent decree was approved, the first factor weighs heavily against appellants."); *Calvert v. Hawkins*, 109 F.3d 636, 638 (9th Cir. 1997). Therefore, the motions will be denied as untimely. *See United States v. Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996) ("If the court finds that the motion to intervene was not timely, it need not reach any of the remaining elements of Rule 24"). Accordingly,

**IT IS ORDERED** that the Joint Motion for Entry of Amended Consent Decree (Doc. 10) and the Motions for Intervention (Docs. 12, 14, 15) are **denied.**

Dated this 24th day of April, 2018.

Honorable Steven P. Logan
United States District Judge